**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DEREK CAVAN,<br><br>       Plaintiff,<br><br>  v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., and CITIFINANCIAL AUTO,<br><br>       Defendants | **Civil Action No. 1:08-CV-2253**<br><br>**Filed: April 1, 2008**<br><br>**Judge Zagel**<br><br>**Magistrate Judge Nolan** |

**EXPERIAN INFORMATION SOLUTION INC.'S
ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant Experian Information Solutions, Inc. ("Experian") hereby files its Answer and

Defenses to Derek Cavan's ("Plaintiff") Complaint (the "Complaint").

**I.     Preliminary Statement**

1.     This is an action for damages brought by an individual consumer against the Defendant for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §1681 *et seq., as amended.*

**ANSWER:** In response to paragraph 1 of the Complaint, Experian admits that the Plaintiff

purports to bring this action as alleged in paragraph 1, but denies that Plaintiff has any basis in

fact or law to maintain this action against Experian.  Furthermore, the allegations contained in

paragraph 1 state legal arguments and conclusions of law to which no response is required.  To

the extent any response is required, Experian denies the remaining allegations of this paragraph.

By way of further answer, to the extent the allegations reference statutes or regulations, those

sources speak for themselves and thus no response is required and any characterizations thereof

are denied.  Experian denies any remaining allegations contained in paragraph 1.

## II.    Jurisdiction and Venue

2.      Jurisdiction of this Court arises under 15 U.S.C. §1681p, 28 U.S.C. §§1331, 1337. Venue lies properly in this district pursuant to 28 U.S.C. §1391(b).

**ANSWER:** In response to paragraph 2 of the Complaint, Experian denies each and every allegation contained in this paragraph.  Furthermore, the allegations contained in paragraph 2 state legal arguments and conclusions of law to which no response is required.  To the extent any response is required, Experian denies the remaining allegations of this paragraph.  By way of further answer, to the extent the allegations reference statutes or regulations, those sources speak for themselves and thus no response is required and any characterizations thereof are denied. Experian denies any remaining allegations contained in paragraph 2.

## III.    Parties

3.      Plaintiff, Derek Cavan, is an adult individual and citizen of the State of Illinois.

**ANSWER:** In response to paragraph 3 of the Complaint, Experian is without information sufficient to form a belief as to the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

4.      Defendant Experian Information Solutions, Inc., is a business entity that regularly conducts business throughout every state and county in the United States and as a corporation that does business in the State of Illinois, is a citizen of the State of Illinois.

**ANSWER:** In response to paragraph 4 of the Complaint, Experian denies each and every allegation contained in paragraph 4.  Answering further, Abbott avers that it is an Ohio Corporation with its principal place of business in Costa Mesa, California.  Furthermore, the allegations contained in paragraph 4 state legal arguments and conclusions of law to which no response is required.  To the extent any response is required, Experian denies the remaining allegations of this paragraph.

5.      Defendant CitiFinancial Auto, is a business entity that regularly conducts business in all cities and counties in the United States, and is a corporation whose principal place of business is located in the State of Minnesota.

**ANSWER:** In response to paragraph 5 of the Complaint, Experian is at this time without

knowledge or information sufficient to form a belief as to the truth of the allegations contained in

paragraph 5.  These allegations are, therefore, denied.

### IV.    Factual Allegations

### COUNT ONE
### VIOLATIONS OF THE FCRA v. EXPERIAN INFORMATION SOLUTIONS, INC.

6.      Defendant has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (hereafter the "inaccurate information").

**ANSWER:** In response to paragraph 6 of the Complaint, Experian is at this time without

knowledge or information sufficient to form a belief as to the truth of the allegations contained in

paragraph 6.  These allegations are, therefore, denied.

7.      The inaccurate information of which Plaintiff complains is an account, or trade-line, named CitiFinancial Auto.  Specifically, Plaintiff asserts that the account is inaccurately reporting as one time thirty days late, which Plaintiff has never been.  Despite providing Defendant with notice to the contrary, Defendant has disseminated credit reports and/or information that the account is accurately reported with a late payment history.

**ANSWER:** In response to paragraph 7 of the Complaint, Experian is at this time without

knowledge or information sufficient to form a belief as to the truth of the allegations contained in

paragraph 7.  These allegations are, therefore, denied.

8.      The inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

**ANSWER:** In response to paragraph 8 of the Complaint, Experian is at this time without

knowledge or information sufficient to form a belief as to the truth of the allegations contained in

paragraph 8.  These allegations are, therefore, denied.

9.      The credit reports have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

**ANSWER:** In response to paragraph 9 of the Complaint, Experian is at this time without

knowledge or information sufficient to form a belief as to the truth of the allegations contained in

paragraph 9.  These allegations are, therefore, denied.

10.      In September of 2007, Plaintiff disputed the inaccurate information with Defendant by written communication to its representatives and by following Defendant's established procedure for disputing consumer credit information.  Further, Plaintiff enclosed in his written dispute documents that either proved to Defendant that their information was inaccurate or provided them with evidence that was supportive of Plaintiff's contentions.

**ANSWER:** In response to paragraph 10 of the Complaint, Experian is at this time without

knowledge or information sufficient to form a belief as to the truth of the allegations contained in

paragraph 10.  These allegations are, therefore, denied.

11.      Notwithstanding Plaintiff's efforts, Defendant sent Plaintiff correspondence indicating their intent to continue publishing the inaccurate information and Defendant continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

**ANSWER:** In response to paragraph 11 of the Complaint, Experian is at this time without

knowledge or information sufficient to form a belief as to the truth of the allegations contained in

paragraph 11.  These allegations are, therefore, denied.

12.      Despite Plaintiff's efforts to date, Defendant has nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, has failed to remove the inaccurate information, has failed to note the disputed status of the inaccurate information and has continued to report the derogatory inaccurate information about Plaintiff.

**ANSWER:** In response to paragraph 12 of the Complaint, Experian denies each and every

allegation in this paragraph.  Answering further, the allegations in paragraph 12 contain legal

arguments and conclusions of law to which no response is required.

13.      Plaintiff has been damaged, and continues to be damaged, in the following ways:

a. Out of pocket expenses associated with disputing the information only to find the information to remain on the credit report;

b. Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown;

c. Decreased credit score which may result in inability to obtain credit on future attempts.

**ANSWER:** In response to paragraph 13 of the Complaint, Experian denies each and every

allegation contained in this paragraph. Answering further, the allegations in paragraph 13

contain legal arguments and conclusions of law to which no response is required.

14. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendant herein.

**ANSWER:** In response to paragraph 14 of the Complaint, Experian denies each and every

allegation contained in this paragraph. Answering further, the allegations in paragraph 14

contain legal arguments and conclusions of law to which no response is required.

15. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

**ANSWER:** In response to paragraph 15 of the Complaint, Experian denies each and every

allegation contained in this paragraph. Answering further, the allegations in paragraph 15

contain legal arguments and conclusions of law to which no response is required.

16. At all times pertinent hereto, Defendant was a "persons" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

**ANSWER:** In response to paragraph 16 of the Complaint, Experian denies each and every

allegation contained in this paragraph. Answering further, to the extent the allegations in this

paragraph reference statutes and regulations, those sources speak for themselves, and thus no

response is required.  Moreover, the allegations in paragraph 16 contain legal arguments and conclusions of law to which no response is required.

17.     At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

**ANSWER:** In response to paragraph 17 of the Complaint, Experian is without information sufficient to form a belief as to the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.  Answering further, to the extent the allegations in this paragraph reference statutes and regulations, those sources speak for themselves, and thus no response is required.  Moreover, the allegations in paragraph 17 contain legal arguments and conclusions of law to which no response is required.

18.     At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

**ANSWER:** In response to paragraph 18 of the Complaint, Experian is without information sufficient to form a belief as to the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.  Answering further, to the extent the allegations in this paragraph reference statutes and regulations, those sources speak for themselves, and thus no response is required.  Moreover, the allegations in paragraph 18 contain legal arguments and conclusions of law to which no response is required.

19.     Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendant is liable to Plaintiff for engaging in the following conduct:

(a)     willfully and negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute from Plaintiff, in violation of 15 U.S.C. §1681i(a);

(b)     willfully and negligently failing to provide all relevant information provided by Plaintiff regarding the dispute of the inaccurate information to the furnishing entities, in violation of 15 U.S.C. §1681i(a);

(c)     willfully and negligently failing to review and consider all relevant information submitted by Plaintiff concerning the dispute of the inaccurate information, in violation of 15 U.S.C. §1681i(a);

(d)     willfully and negligently failing to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. §1681i(a);

(e)     willfully and negligently failing to note Plaintiff's dispute of the inaccurate information and in subsequent consumer reports, in violation of 15 U.S.C. §1681i(c);

(f)     willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b).

**ANSWER:** In response to paragraph 19 of the Complaint, Experian denies each and every allegation contained in this paragraph and each subparagraph.  Answering further, to the extent the allegations in this paragraph reference statutes and regulations, those sources speak for themselves, and thus no response is required.  Moreover, the allegations in paragraph 19 contain legal arguments and conclusions of law to which no response is required.

20.     The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendant is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

**ANSWER:** In response to paragraph 20 of the Complaint, Experian denies each and every allegation contained in this paragraph.  Answering further, to the extent the allegations in this paragraph implicitly reference statutes and regulations, those sources speak for themselves, and thus no response is required.  Moreover, the allegations in paragraph 20 contain legal arguments and conclusions of law to which no response is required.

**COUNT ONE**
**VIOLATIONS OF THE FCRA v. CITIFINANCIAL AUTO.**

21.     Plaintiff Re-alleges and incorporates paragraphs 1 – 20 as if fully set forth herein.

**ANSWER:** In response to paragraph 21 of the Complaint, Experian realleges and incorporates

by reference its responses to paragraphs 1-20.

      22.     At all times pertinent hereto, this Defendant was a "person" as that term defined

by 15 U.S.C. § 1681a(b).

**ANSWER:** In response to paragraph 22 of the Complaint, those allegations are directed at

defendants other than Experian and thus require no response from Experian.  To the extent the

allegations in this paragraph are directed to defendants other than Experian, Experian is without

knowledge or information sufficient to form a belief as to the truth of these allegations.  These

allegations are, therefore, denied.  Experian denies all remaining allegations of paragraph 22.

      23.     This Defendant violated sections 1681n and 1681o of the FCRA by engaging in
the following conduct that violates 15 U.S.C. § 1681s-2(b):

      (a)     willfully and negligently failing to conduct an investigation of the
inaccurate information that Plaintiff disputed upon receiving notice of the dispute of the
consumer from the aforesaid credit reporting agency;

      (b)     willfully and negligently failing to review all relevant information
concerning Plaintiff's account provided to this Defendant by the aforesaid credit reporting
agency;

      (c)     willfully and negligently failing to report the inaccurate status of the
inaccurate information to all credit reporting agencies;

      (d)     willfully and negligently failing to properly participate, investigate and
comply with the reinvestigations that were conducted by any and all credit reporting agencies
concerning the inaccurate information disputed by Plaintiff;

      (e)     willfully and negligently continuing to furnish and disseminate inaccurate
and derogatory credit, account and other information concerning Plaintiff to credit reporting
agencies and other entities despite knowing that said information was inaccurate;

      (f)     willfully and negligently failing to comply with the requirements imposed
on furnishers of information pursuant to 15 U.S.C. § 1681s-2.

**ANSWER:** In response to paragraph 23 of the Complaint, those allegations are directed at

defendants other than Experian and thus require no response from Experian.  To the extent the

allegations in this paragraph are directed to defendants other than Experian, Experian is without

knowledge or information sufficient to form a belief as to the truth of these allegations. These

allegations are, therefore, denied. Experian denies all remaining allegations of paragraph 23 and

each subparagraph.

24.    This Defendant's conduct was a direct and proximate cause, as well as a
substantial factor, in causing the injuries, damages and harm to Plaintiff that are outlined more
fully above, and as a result, Defendant is liable to compensate Plaintiff for the full amount of
statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other
relief permitted by law.

**ANSWER:** In response to paragraph 24 of the Complaint, those allegations are directed at

defendants other than Experian and thus require no response from Experian. To the extent the

allegations in this paragraph are directed to defendants other than Experian, Experian is without

knowledge or information sufficient to form a belief as to the truth of these allegations. These

allegations are, therefore, denied. Experian denies all remaining allegations of paragraph 24.

### V.    Jury Trial Demand

25.    Plaintiff demands trial by jury on all issues so triable.

**ANSWER:** In response to paragraph 25 of the Complaint, Experian admits that the Plaintiff

demands a trial by jury on all issues so triable, but denies that Plaintiff has any basis in fact or

law to maintain this action against Experian.

### VI.    Prayer for Relief

WHEREFORE, Plaintiff, DEREK CAVAN, seeks judgment in Plaintiff's favor and
damages against Defendant, based on the following requested relief:

(a)    Actual damages;

(b)    Statutory damages;

(c)    Punitive damages;

(d)    Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§1681n, 1681o;

(e)    An order directing that Defendant immediately delete all of the inaccurate
information from Plaintiff's credit reports and files and cease reporting the inaccurate
information to any and all persons and entities to whom they report consumer credit information;

(f)      An order directing that Defendant send to all persons and entities to whom they have reported Plaintiff's inaccurate information within the last three years Plaintiff's updated and corrected credit report information; and

(g)      Such other and further relief as may be necessary, just and proper.

**ANSWER:**  In response to Plaintiffs' unnumbered prayer for relief, Experian denies Plaintiff is

entitled to a judgment or any other relief requested in their prayer for relief following paragraph

25 of the Complaint.

## EXPERIAN INFORMATION SYSTEMS, INC.'S AFFIRMATIVE DEFENSES

By asserting the affirmative defenses set forth below and herein, Experian does not allege or admit that it has the burden of proof and/or the burden of persuasion with respect to any of these affirmative defenses or that Plaintiffs are relieved of their burden to prove each and every element of their claims and the damages, if any, to which they are entitled.  As for its affirmative and other defenses, Experian reasserts and reincorporates as if fully set forth herein its responses to paragraphs 1 through 25 above.

### FIRST AFFIRMATIVE DEFENSE
### (FAILURE TO STATE A CLAIM)

The Complaint herein, and each cause of action thereof, fails to set forth facts sufficient

to state a claim upon which relief may be granted against Experian and further fails to state facts

sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever from Experian.

### SECOND AFFIRMATIVE DEFENSE
### (TRUTH/ACCURACY OF INFORMATION)

All claims against Experian are barred because all of the information Experian

communicated to any third person regarding Plaintiff was true.

## THIRD AFFIRMATIVE DEFENSE
### (INDEMNIFICATION)

Experian is informed and believes and thereon alleges that any purported damages allegedly suffered by Plaintiff are the results and acts or omissions of third persons over whom Experian had neither control nor responsibility.

## FOURTH AFFIRMATIVE DEFENSE
### (FAILURE TO MITIGATE DAMAGES)

Plaintiff has failed to mitigate his damages.

## FIFTH AFFIRMATIVE DEFENSE
### (LACHES)

The Complaint, and each claim for relief therein, are barred by laches.

## SIXTH AFFIRMATIVE DEFENSE
### (CONTRIBUTORY/COMPARATIVE FAULT)

Experian is informed and believes and thereon alleges that any alleged damages sustained by Plaintiff were, at least in part, caused by the action of Plaintiff himself and resulted from Plaintiff's own negligence which equaled or exceeded any alleged negligence or wrongdoing by Experian.

## SEVENTH AFFIRMATIVE DEFENSE
### (ESTOPPEL)

Any damages which Plaintiff may have suffered, which Experian continues to deny, were the direct and proximate result of the conduct of Plaintiff.  Therefore, Plaintiff is estopped and barred from recovery of any damages.

## EIGHTH AFFIRMATIVE DEFENSE
### (STATUTE OF LIMITATIONS)

Experian is informed and believes and thereon alleges that all claims for relief in the

Complaint herein are barred by the applicable statutes of limitation, including but not limited to

15 U.S.C. § 1681p.


## NINTH AFFIRMATIVE DEFENSE
### (UNCLEAN HANDS)

The Complaint, and each claim for relief therein that seeks equitable relief, is barred by

the doctrine of unclean hands.


## TENTH AFFIRMATIVE DEFENSE
### (RIGHT TO ASSERT ADDITIONAL DEFENSES)

Experian reserves the right to assert additional affirmative defenses at such time and to

such extent as warranted by discovery and the factual development of this case.


WHEREFORE, Defendant Experian Information Solutions, Inc. prays as follows:

(1)    That Plaintiff take nothing by virtue of the Complaint herein and that this
       action be dismissed in its entirety;

(2)    For costs of suit and attorneys' fees herein incurred; and

(3)    For such other and further relief as the Court may deem just and proper.

Dated:  May 12, 2008

Respectfully submitted,

s/ Gabriel H. Scannapieco
Gabriel H. Scannapieco (#6287298)
JONES DAY
77 West Wacker Drive
Suite 3500
Chicago, IL  60601-1592
Telephone:  (312) 782-3939
Facsimile:  (312) 782-8585
gscannapieco@jonesday.com

Counsel for Defendant
EXPERIAN INFORMATION SOLUTIONS, INC.

## <u>CERTIFICATE OF SERVICE</u>

I, Gabriel H. Scannapieco, certify that on the 12th day of May, 2008, I served the foregoing **Experian Information Solutions, Inc.'s Answer to the Complaint** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following at their e-mail addresses on file with the Court:


Larry P. Smith
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Ave.
Suite 4000
Chicago, Illinois 60601
(312) 222.9028
Email: lsmith@lpsmithlaw.com

Alyssa Hicks Blackwell
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Ave.
Suite 4000
Chicago, Illinois 60601
(312) 222.9028
Email: ablackwell@lpsmithlaw.com


/s/ Gabriel H. Scannapieco
Gabriel H. Scannapieco