**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| DEREK CAVAN | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | No. 08 CV 2253 |
| | ) | |
| v. | ) | Judge Zagel |
| | ) | |
| EXPERIAN INFORMATION SOLUTIONS, | ) | Magistrate Judge Nolan |
| INC. and CITIFINANCIAL AUTO | ) | |
| | ) | |
| Defendants. | | |

## CITIFINANCIAL AUTO LTD.'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant CitiFinancial Auto Ltd., incorrectly sued as CitiFinancial Auto ("CitiFinancial Auto"), answers Plaintiff's complaint ("Complaint") as follows:

## I. PRELIMINARY STATEMENT

1.    This is an action for damages brought by an individual consumer against the Defendants for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. § 1681 et seq., as amended.

**ANSWER:**    CitiFinancial Auto admits that plaintiff has made allegations in the Complaint relating to the FCRA, but denies any violation of the statute and otherwise denies any that plaintiff was damaged or that CitiFinancial Auto is liable to plaintiff in any way.

## II. JURISDICTION AND VENUE

2.    Jurisdiction of this Court arises under 15 U.S.C. § 1681p, 28 U.S.C. §§ 1331, 1337. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

**ANSWER:**    CitiFinancial Auto admits that this Court has jurisdiction pursuant to 15 U.S.C. § 1681p, and 28 U.S.C. §§ 1331 and that venue is proper in this District.  Otherwise denied.

## III. PARTIES

3.      Plaintiff, Derek Cavan, is an adult individual and citizen of the State of Florida.

**ANSWER:**     CitiFinancial Auto is without knowledge or information sufficient to form

a belief as to the truth of this allegation and therefore denies it.

4.      Defendant, Experian Information Solutions, Inc., is a business entity that regularly
conducts business throughout every state and county in the United States and as a
corporation that does business in the State of Illinois, is a citizen of the State of Illinois.

**ANSWER:**     To the extent that the allegations in this paragraph are not directed to

CitiFinancial Auto, it makes no answer thereto.  To the extent that the allegations are directed to

CitiFinancial Auto, CitiFinancial Auto is without knowledge or information sufficient to form a

belief as to the truth of these allegations and therefore denies them.

5.      Defendant, CitiFinancial Auto, is a business entity that regularly conducts business in all
cities and counties in the United States, and is a corporation whose principal place of
business is located in the State of Minnesota.

**ANSWER:**     CitiFinancial Auto admits that it does business in this District but denies

that its principal place of business is located in the State of Minnesota.  Further answering,

CitiFinancial Auto's principal place of business is in Texas.

## IV.     ALLEGATIONS

### COUNT ONE
### VIOLATIONS OF FCRA v. EXPERIAN INFORMATION SOLUTIONS, INC.

The allegations in Count I are not directed to CitiFinancial Auto and therefore no answer

is made hereto.  To the extent the allegations in Count I are construed to be directed to

CitiFinancial Auto, CitiFinancial Auto is without knowledge or information sufficient to form a

belief as to the truth of those allegations and therefore denies each of them.

## COUNT TWO

## VIOLATIONS OF FCRA v. CITIFINANCIAL AUTO

21.    Plaintiff re-alleges and incorporates paragraphs 1 – 20 as if fully set forth herein.

**ANSWER:**    CitiFinancial Auto incorporates its answers to paragraphs 1 – 20 as though fully set forth herein.   To the extent plaintiff intends to substitute "CitiFinancial Auto" for "Defendant" in paragraphs 6-20, CitiFinancial Auto denies each and every allegation.

22.    At all times pertinent hereto, this Defendant was a "person" as that term defined by 15 U.S.C. § 1681a(b).

**ANSWER:**    Denied.

23.    This Defendant violated sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. § 1681s-2(b):

    b.    willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed upon receiving notice of the dispute of the consumer from the aforesaid credit reporting agency;

    c.    willfully and negligently failing to review all relevant information concerning Plaintiff's account provided to this Defendant by the aforesaid credit reporting agency;

    d.    willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

    e.    willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiff;

    f.    willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning Plaintiff to credit reporting agencies and other entities despite knowing that said information was inaccurate;

    g.    willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2.

**ANSWER:**    CitiFinancial denies each and every allegation of this paragraph including subparts (a)-(g) and each of them.

24.    This Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendant is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

**ANSWER:**    Denied.

## V. JURY TRIAL DEMAND

25.    Plaintiff demands trial by jury on all issues so triable.

**ANSWER:**    CitiFinancial Auto admits that plaintiff has demanded a jury trial on all issues so triable.

## AFFIRMATIVE AND OTHER DEFENSES

Further answering the Complaint, an as additional defenses thereto, defendant CitiFinancial Auto Ltd. incorporates by reference the foregoing answers and affirmative states as though fully set forth herein, without assuming the burden of proof where such burden is otherwise on plaintiff as a matter of applicable substantive procedural law, and further alleges as follows:

1.    CitiFinancial Auto repeats and realleges the factual allegations set forth in its answer to the Complaint.

2.    CitiFinancial Auto has in place reasonable procedures to assure compliance with the requirements of the Fair Credit Reporting Act and its regulations.

**FIRST DEFENSE**

Plaintiff's Complaint is barred in whole or in part because CitiFinancial Auto maintained reasonable procedures to assure compliance with the provisions of the Fair Credit Reporting Act.

**SECOND DEFENSE**

Plaintiff's complaint fails to state a claim upon which relief may be granted against CitiFinancial Auto.

**THIRD DEFENSE**

Plaintiff's claims are barred in whole or in part because all of the information communicated by CitiFinancial Auto was true and accurate.

**FOURTH DEFENSE**

Plaintiff's claims are barred in whole or in part because any damages that he has suffered (which damages as to CitiFinancial Auto are denied) were the results of acts and/or omissions of third persons over which CitiFinancial Auto has no control.

**FIFTH DEFENSE**

Plaintiff's claims are barred in whole or in part because Plaintiff's damages were the direct and proximate result of Plaintiff's own conduct.

WHEREFORE, CitiFinancial Auto respectfully requests that this Court enter judgment in CitiFinancial Auto's favor and against Plaintiff and for such other relief that this Court deems just and appropriate.

Dated: June 23, 2008                          Respectfully submitted,

                                            **CITIFINANCIAL AUTO LTD.**

                              By:  s/ Richard E. Gottlieb
                                        Richard E. Gottlieb (rgottlieb@dykema.com)
                                        Kathleen E. Surowiec (ksurowiec@dykema.com)
                                        DYKEMA GOSSETT PLLC
                                        10 South Wacker Drive, Suite 2300
                                        Chicago, IL 60606
                                        Phone: 312-876-1700
                                        Fax:    312-627-2302

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on **June 23, 2008,** I electronically filed the foregoing **Answer and Affirmative Defenses** with the Clerk of the Court using the ECF system, which sent notification to the following:

> Larry Paul Smith (lsmith@lpsmithlaw.com)
> Alyssa Hicks Blackwell (ablackwell@lpsmithlaw.com)
> Gabriel Hernandez Scannapieco (gscannapieco@jonesday.com)

> s/ Irina V. Frye

CHICAGO\2461608.3
ID\REG